IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MELANIE BURNS                                                                                         PLAINTIFF

vs.                                         Civil No. 6:25-cv-6024

FRANK BISIGNANO,                                                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Melaine Burns ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 7.) Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed her disability application on August 18, 2021. (Tr. 165.)[1] In this application, Plaintiff alleges being disabled due heart issues, brain surgery, seizures, required use of c-pap, headaches, and confusion. (Tr. 372.) Plaintiff alleged an onset date of November 6, 2020. (Tr

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 8. These references are to the page number of the transcript itself not the ECF page number.

1

369). Plaintiff's application was denied initially on April 20, 2022, and again upon reconsideration on September 27, 2022. (Tr. 165.)

Plaintiff requested an administrative hearing on her denied application and this request was granted. (Tr. 165.) An Administrative Law Judge ("ALJ") conducted this hearing via telephone on August 9, 2023. *Id*. At this hearing, Plaintiff was present and represented by Donald C. Pullen. *Id*. Plaintiff and Vocational Expert ("VE"), Elizabeth Clem, testified at the hearing. *Id*.

On November 2, 2023, the ALJ entered an unfavorable decision. (Tr. 165-177.) The ALJ determined Plaintiff had not engaged in substantial gainful activity since August 18, 2021. (Tr. 167, Finding 1.) The ALJ also determined Plaintiff had the following severe impairments: subdural hematoma status post craniotomy, degenerative disc disease, seizure disorder, status post aortic valve replacement, anxiety, and depression. (Tr. 167, Finding 2.) However, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 168, Finding 3.)

The ALJ determined Plaintiff had the Residual Function Capacity (RFC) to "perform light work except can occasionally stoop, kneel, crouch, and crawl; limited to no work around hazards, such as unprotected heights or dangerous moving mechanical parts; no driving or operating industrial equipment; can understand and remember simple instructions; can sustain attention and concentration to complete simple tasks within customary workplace breaks; can use judgment to make simple work related decisions; can interact as needed with supervisors and coworkers, and limited to only occasional interaction with the general public; and can tolerate occasional changes in a routine work setting." (Tr. 170, Finding 4.)

The ALJ determined Plaintiff was unable to perform any past relevant work. 20 C.F.R. § 416.965. (Tr. 175, Finding 5.) Despite this, the ALJ found that based on Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform which include cleaner/housekeeping with 175,000 jobs in the national economy and hand packer with 10,000 jobs in the national economy. (Tr. 176, Finding 9.) Based upon this finding, the ALJ determined Plaintiff had not been disabled under the Act, since August 18, 2021. (Tr. 176, Finding 10.)

On February 27, 2025, Plaintiff filed the present appeal. (ECF No. 2.) Both parties have filed appeal Briefs. (ECF Nos. 10, 12.)

**2. Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Therefore, "if after reviewing the record, the court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See* 20 C.F.R. §§ 404.1520(a)-(f); *Cox,* 160 F.3d at 1206. The fact finder only considers the plaintiff's age, education, and work experience in light of their RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

3. **Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ's RFC analysis is not supported by substantial evidence and (2) the ALJ did not properly assess Plaintiff's

subjective complaints. (ECF No. 10.) Because this Court finds the ALJ erred in the RFC determination, the Court will only address this issue for reversal.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019, 1024 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox*, 160 F.3d at 1206. The mere fact a claimant has a long list of medical conditions does not demonstrate the claimant is disabled; instead, the RFC determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.*

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

A Vocational Expert's testimony shall not be considered substantial evidence if the "administrative law judge's residual functional capacity (RFC) assessment and hypothetical question to the VE [do] not contain all impairments supported by substantial evidence in the record." *Gann v. Berryhill*, 864 F.3d 947, 949 (8th Cir. 2017).

While the ALJ recognized various impairments, such as subdural hematoma status post craniotomy, degenerative disc disease, seizure disorder, status post aortic valve replacement, anxiety, and depression, he failed to recognize all of Plaintiff's limitations surrounding these impairments, such as how her seizure spells can cause her to miss work or be off-task while working, when determining a RFC. (Tr. 167, Finding 2.)

During the hearing, Plaintiff testified to having seizures "anywhere from three to four [times] a week." (Tr. 195.) She confirmed the "seizures, depression, and hypertension have prevented [her] from doing anything else" since she last worked. (Tr. 196.)

From Plaintiff's alleged onset dated of November 6, 2020, her medical records report multiple seizure incidents. In December 2020, she had two seizures in front of a home health nurse and was transported by ambulance to an emergency department in December 2020. (Tr. 905.) Two months later, she reported to a nurse practitioner, Mary Abernathy, that she "was back in hospital last weekend with seizures." (Tr. 891.) Three months after that, she was transported to the emergency department via ambulance due to another seizure and reported to her nurse she had a seizure within the week prior to that emergency department visit. (Tr. 886.)

Plaintiff's neurology provider, Pamela Bates, APRN, reviewed the EEG results that indicated an increased risk of seizures and a decline in sensory processes. Bates noted in her medical charts that Plaintiff "does report some confusion afterwards that lasted about an hour or

so." (Tr. 67.) In December 2021, Bates noted Plaintiff had "had at least 6 episodes [since the last visit on August 10, 2021] of 'small seizures' [that] are triggered by stress." (Tr. 67.) In October 2023, Bates noted Plaintiff had experienced three seizures over the weekend. (Tr. 74.)

> In January of 2022, Plaintiff had an EEG that showed
>
> EEG recording was abnormal during wakefulness and drowsiness. Frequent right temporal polymorphic delta slowing indicated underlying focal neuronal dysfunction. Occasional right posterior temporal sharp waves conferred an increased risk for focal onset seizures. No seizures or typical events were recorded.

(Tr. 67.)

Plaintiff's medical records contain numerous reports of substantial seizures over several years. Additionally, Plaintiff's medical records indicate eight times where three different medical providers informed her that she should not drive a vehicle until she has been seizure-free for a full calendar year. (Tr. 71; 77; 84; 85; 825; 834; 880; 897.)  Furthermore, Plaintiff receives blood thinner medication and is at extreme risk of a fatality if she were to fall during a seizure. (Tr. 191.)

RFC is the most an individual is capable of doing despite the combined effects of their severe and non-severe medically determinable impairments. *See* 20 C.F.R. § 404.1545(a); *see also Ford v. Astrue,* 518 F.3d 979, 981 (8th Cir. 2008).  The ALJ's analysis needs to consider the totality of Plaintiff's limitations. A second hypothetical the ALJ provided to the VE encompassed the difficulties Plaintiff experiences due to the unpredictability and frequency of her seizure activity, however the ALJ did not adopt the second hypothetical in his opinion and analysis.

Absent from the ALJ's RFC determination is any consideration of the impact of Plaintiff's well-documented, frequent seizure activity would have on her abilities to perform certain work tasks. Nor does the ALJ's opinion give a basis for not considering the Plaintiff's frequent seizures in setting forth the RFC. As such, the Court cannot hold that substantial evidence supports the

ALJ's RFC determination. Remand is necessary to allow the ALJ to reassess the limitations imposed by this impairment.

4. **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's decision is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of November 2025.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE